IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Thurman & April Fennell, | Civil Action No.: _____ |
| Plaintiffs, | |
| v. | |
| National Capital Management I, LLC, | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendant. | |

For this Complaint, the Plaintiffs, Thurman & April Fennell, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the North Carolina Fair Debt Collection Practices Act in its illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.  The Plaintiffs, Thurman & April Fennell ("Plaintiffs"), are adult individuals residing in Raleigh, North Carolina, and are "consumers" as the term is defined by 15 U.S.C. § 1692a(3).

5.  Defendant National Capital Management I, LLC ("NCM"), is a Tennessee business entity with an address of 8245 Tournament Drive, Suite 230, Memphis, Tennessee 38125, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

6.  The Plaintiffs incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7.  The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.  The Debt was purchased, assigned or transferred to NCM for collection, or NCM was employed by the Creditor to collect the Debt.

9.  The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. NCM Engages in Harassment and Abusive Tactics

10. In or about July 1, 2011, NCM called and threatened to take legal action against Mr. Fennell in an attempt to collect the Debt. No such action has been taken to date.

11. In or around July 15, 2011, a NCM representative called Mrs. Fennell's place of employment and spoke with one of Ms. Fennell's coworkers.

12. NCM identified itself as the "legal department" when speaking with Mrs. Fennell's coworker.

13. NCM told Ms. Fennell's coworker that it was trying to "avoid serving Mrs. Fennell at work."

14. Mrs. Fennell returned NCM's call and spoke with NCM about the Debt.

15. NCM immediately threatened to garnish Mrs. Fennell's wages and send a sheriff to serve her with a summons, in an attempt to collect the Debt. No such action has been taken to date.

16. Mrs. Fennell placed a subsequent call to NCM and spoke with a supervisor about NCM's threats to her.

17. NCM apologized to Ms. Fennell and stated that it did not intend on taking legal action against her.

18. Further, NCM stated that it would not place any additional calls to her.

19. Despite its previous statement, NCM placed a subsequent call to Mrs. Fennel and asked whether she would handle this [the Debt] in Court or out of Court?"

### C. **Plaintiffs Suffered Actual Damages**

20. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

22. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendant's conduct violated 15 U.S.C. § 1692b(2) in that Defendant informed third parties of the nature of the Plaintiffs' debt and stated that the Plaintiffs owed a debt.

24. The Defendant's conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendant contacted Plaintiffs at a place and during a time known to be inconvenient for the Plaintiffs.

25. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

26. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass.

27. The Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the legal status of the Debt.

28. The Defendant's conduct violated 15 U.S.C. § 1692e(4) in that Defendant threatened the Plaintiffs with garnishment if the Debt was not paid.

29. The Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take legal action, without actually intending to do so.

30. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

31. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

32. The Plaintiffs are entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE NORTH CAROLINA FAIR DEBT COLLECTION PRACTICES ACT
## N.C. Gen.Stat. § 58-70, et seq.

33. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The Plaintiffs are "persons" as the term is defined by N.C. Gen.Stat. § 58-70-6(4).

35. The Defendant is a "collection agency" as the term is defined by N.C. Gen.Stat. § 58-70-15.

36. The Defendant represented that nonpayment of the Debt might result in the seizure, garnishment, attachment, or sale of any property or wages, in violation of N.C. Gen.Stat. § 58-70-95(6).

5

37. The Defendant threatened to take an action not in fact taken in the usual course of business, in violation of N.C. Gen.Stat. § 58-70-95(7).

38. The Defendant used language that would ordinarily abuse the typical hearer or reader, in violation of N.C. Gen.Stat. § 58-70-100(1).

39. The Defendant caused a telephone to ring or engaged the Plaintiffs in telephone conversation with such frequency as to be unreasonable in violation of N.C. Gen.Stat. § 58-70-100(3).

40. The Defendant falsely represented the character, extent, or amount of the Debt or its status in any legal proceeding in violation of N.C. Gen.Stat. § 58-70-110(4)

## COUNT III
## VIOLATION OF THE NORTH CAROLINA UNFAIR TRADE PRACTICES ACT, N.C. Gen.Stat. § 75-1.1, et seq.

41. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The Defendants' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of N.C. Gen.Stat. § 75-1.1.

43. The Plaintiffs suffered mental anguish and other damages in an amount to be proven at trial.

44. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under N.C. Gen.Stat. § 75-1.1 and, as such, the Plaintiffs is entitled to damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Actual damages pursuant to N.C. Gen.Stat. § 58-70-130(a);

5. Statutory damages of $4,000.00 for each violation pursuant to N.C. Gen.Stat. § 58-70-130(b);

6. Attorney's fees pursuant to N.C.G.S. § 75-16.1;

7. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA and North Carolina state law violations in an amount to be determined at trial for the Plaintiffs ;and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 3, 2011

Respectfully submitted,

By __/s/_ Stacie Watson_____

Stacie Watson, Esq. (Bar No.: 23890)
Law Office of Stacie Watson
P.O. Box 1412
Apex, North Carolina 27502
Telephone: (919) 522-6128
Facsimile: (919) 439-5308

Email: swatsonattorney@bellsouth.net
Attorneys for Plaintiffs

Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424